Opinion of the Court, by
Judge Mir.ns.
THF appellee declared in trover against the appnl-hints, in two counts, for the conversion of three, si ills, and the necessary apparatus-for distilling.
On the trial of the issue of not guilty, the appellee had introduced a witness who deposed in-his favor, and to impeach him, the appellant introduced another witness, and asked him what was the general character of the appellee’s witness. The court refused to permit the question tobe answered, being of opinion that the only proper question was, whether, from his knowledge of the general character of the witness, did he believe him entitled to credit,'when on oath. The jury, fpund and judgment was rendered-for the appellee, and to reverse it, this appeal is prosecuted.
It is true, in the case of Mobley vs. Hamit, 1 Marsh. 591, an opinion was intimated which would warrant the decision of the court below o.n impeaching the appel-lee’s witness; but this court, on reconsidering that question, in the paseo Hume vs. Scott, 3 Marsh. 260, has *196 since come to a different conclusion; and upon a review of the latier case, we still approve it as tenable, and accordingly, the judgment of the court below cannot stand.
This court cannot do-cide against oTtheinfbri- or court, withouttbe which they11 were intended to bear, is stated; but thorn correct,
In an excep-tiontothe_ thó'couri below, refusing anew trial, affidavit^ on the ground of surprise by ry’sevldencc, the whole ey-idencc ought, bo stated!’ *°
The affidavit*,in moh case, rrmy other evi-deuce, and tiou. o ghtto ba ci.nnai'i'd Tlulaof tho evidence? 10 given in on the trial.
There were divers instructions moved for, and some given to the jury, and some refused, by the court below, They involve questions which may again arise in ano-trial of this cause, yet we cannot notice them. The counsel for the appellant must haye supposed, that this court could notice the impropriety of instructions with-0l5t seeing the evidence on which they were intended tobear, and accordingly, has not stated the evidence, Whether the instructions were improperly given, we cannot decide, and arebound to presume that the court below did right in every instance, under the state of evidence before it,
Á new trial was moved for; relying on the grounds that the verdict was contrary to the law and evidence, and also, on the ground of surprise, verified by the alh-¿avjt of the appellant, and also another individual, The surprise consists in a witness of the appellee deposing different from what the appellant knew'to be ¡-rue, and from the way in which he knew that U19 wit-ness acquired a knowledge of the facts, and it was top late, after the trial had progressed thus far, to obtain witnesses to impeach this witness. In this exception, likewise, the evidence is not detailed.,
It may .well be doubled, whether, under any circunv stances of this nature, this court ought fo interpose and !trant a new trial, which had been refused by the court below, unless the whole, history of (he trial was brought before this court, although the affidavit? in support of tlie surprise, might appear on their face, fully adequate to support the application,
We are aware that such affidavits may' be repelled by: evidence; and although they may, in themselves, seem to prove it, yet when applied to and compared with the evidence which had been given on the trial, there would appear to be no surprise. For instance, this witness, who had occasioned the supposed surprise, might have bee.n so flatly contradicted during the trial, ky olher evidence, as to have destroyed his testimony', 0I-the facts might, have been conclusively proved by oth-er evidence, or his testimony might have been so irrei-evant, that impeaching of|iim could haye, made no dif- *197 Terence, and, therefore, the court below may, very properly, have disregarded the affidavits tending to provq surprise, and we ought to suppose that it did so, and ought not to overturn the verdict on this account, unless the whole circumstances were before us, in as complete a manner as could be exhibited on paper.
Crittenden, for appellant; Bibb, for appellee.
For these reasons, we deem it improper to express any opinion on these last points; but for the first, the judgment must be reversed, the verdict be set aside with costs, and the cause be remanded for new proceedings^, not: inconsistent with this opinion.